# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNER OSBALDO HERNANDEZ,<br><br>              Plaintiff,<br><br>     v.<br><br>HOMEQ SERVICING; WELLS FARGO BANK,<br><br>              Defendants. | 1:10cv01484 OWW DLB<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

Plaintiff Anner Osbaldo Hernandez ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on August 17, 2010. He names HomEq Servicing and Wells Fargo Bank as Defendants.

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff alleges that Defendant failed to make certain disclosures in connection with a consumer credit transaction in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. He seeks damages, title to the property and litigation costs.

As an "ADDED COMPLAINT," Plaintiff also alleges wrongful foreclosure, asserting that an unidentified lender has sent a letter of intent to foreclose. Plaintiff questions whether the lender possesses the original debt instrument. He requests that the court intervene and prevent foreclosure.

As discussed more fully below, this is not the first time that Plaintiff has attempted to assert these claims.

C.     Analysis

    1.     TILA

Plaintiff's complaint is devoid of facts demonstrating that he has standing to bring a TILA claim as a borrower under any loan. TILA confers a statutory "right of action only on a borrower in a suit against a borrower's creditor." Talley v. Deutsche Bank Trust Co., 2008 WL 4606302, at *2 (D.N.J. Oct.15, 2008). Plaintiff's complaint is devoid of the barest factual allegations including; (1) the type of loan at issue; (2) the identification of the borrower(s); or (3) the identification of the lender. Although Plaintiff cites a loan number and a property description in the caption, his complaint does not provide any factual information regarding the loan transaction. For example, Plaintiff does not identify whether he is the borrower on the loan, whether there is more than one borrower on the loan, the type of loan at issue, the date the loan was entered, or which defendant is the "lender" or any other factual information. Indeed, Plaintiff refers generally to "Defendant" throughout the complaint, but has named two separate defendants in the caption. It is not clear which defendant is alleged to have acted.

Moreover, Plaintiff's complaint does not indicate the date of loan consummation, vaguely referring to loan documents entered on "2/2006." The complaint also lacks the dates of any other relevant occurrences to determine whether his TILA claim for damages or rescission is timely. 15 U.S.C. § 1640(e) (damages claims must be brought "within one year from the date of the occurrence of the violation"); 15 U.S.C. § 1635(f) (rescission claims "shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first"); 12 C.F.R. § 226.23.

In addition, the type of loan at issue may affect Plaintiff's ability to seek rescission. See 15 U.S.C. § 1635(e); Coward v. First Magnus Financial Corp., 2009 WL 3367398, *6 (D.Nev. Oct. 14, 2009) ("the right to rescind under TILA exists only if the Property was not itself the security for the loan obtained to purchase the Property").

    2.     Original Note Possession

Plaintiff also appears to challenge the proposed foreclosure of a home by a lender and his complaint includes reference to "Unlawful Foreclosure." Plaintiff's challenge to the foreclosure

is based on the premise that the "home owner" is "unsure as to whether the lender still posses [sic] the original debt instrument" and he wants proof of such authority. Complaint, p. 3. In the written narrative of his complaint, Plaintiff has not identified the home owner, the lender, the property at issue or any other relevant factual allegations. As with his TILA claim, Plaintiff will be given the opportunity to amend his complaint to state sufficient factual matter to comply with Rule 8.

In amending his complaint, Plaintiff should keep in mind the following legal standards regarding non-judicial foreclosure. If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. See McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 236-237, 286 P. 693 (1930). Under the relevant statutory framework, no party needs to physically possess the promissory note. Labes v. Ocwen Loan Servicing, LLC, 2009 WL 3748291, *6 (E.D.Cal. Nov. 5, 2009); Sicairos v. NDEX West, LLC, 2009 WL 385855, *3 (S.D.Cal.2009) (citing Cal. Civ.Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." Moeller v. Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994). An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640, *8 (S.D.Cal.2007).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may conduct the foreclosure process. A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." Munger v. Moore, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

D.     Amended Complaint

Plaintiff will be given an opportunity to amend his complaint. However, the Court strongly cautions Plaintiff that he must provide facts to support his claims. If Plaintiff is unable to allege sufficient facts, he will not be given multiple opportunities to amend. The Court is mindful that this not Plaintiff's first opportunity to amend his TILA and unlawful foreclosure

1  claims.  In Hernandez v. HomEq Servicing, 1:10-cv-00528 OWW DLB, Plaintiff attempted to
2  pursue identical claims against these same defendants.  There, the Court twice dismissed
3  Plaintiff's complaint with leave to amend to comply with Rule 8.  When the Court dismissed his
4  complaint for the second time with leave to amend, Plaintiff failed to file a timely amended
5  complaint and the action was dismissed on August 4, 2010.  Subsequently, Plaintiff filed the
6  instant action with nearly identical allegations.  Plaintiff is warned that if he is unable to provide
7  facts to support his claims, the Court may conclude that further opportunities to amend are futile
8  and recommend dismissal of his complaint.

9        In amending his complaint, Plaintiff is reminded that the Court cannot refer to a prior
10 pleading in order to make his amended complaint complete.  Local Rule 220 requires that an
11 amended complaint be complete in itself without reference to any prior pleading.  This is
12 because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v.
13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original
14 pleading no longer serves any function in the case.

15       Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED
16 WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint within thirty (30) days of
17 the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended
18 Complaint," and shall refer to the case number assigned to this action.  His complaint shall
19 comply with Rule 8.  It must contain a short and plain statement of his claims and must clearly
20 set forth the causes of action alleged against each Defendant.

21       If Plaintiff does not file an amended complaint within this time frame and in accordance
22 with this order, the Court will recommend that this action be dismissed with prejudice for failure
23 to follow the Court's orders and failure to state claim.

24       IT IS SO ORDERED.

25    Dated:   **September 13, 2010**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE
26
27
28