# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNER OSBALDO HERNANDEZ, | 1:10cv01484 OWW DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | |
| HOMEQ SERVICING; WELLS FARGO BANK, | |
| Defendants. | |

Plaintiff Anner Osbaldo Hernandez ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on August 17, 2010. He names HomEq Servicing and Wells Fargo Bank as Defendants.

On September 19, 2010, the Court dismissed the complaint with leave to amend. In granting leave to amend, the Court cautioned Plaintiff that he must provide facts to support his claims. The Court also took notice of Plaintiff's prior unsuccessful effort to pursue identical claims against these defendants in <u>Hernandez v. HomEq Servicing</u>, 1:10-cv-00528 OWW DLB.

On October 12, 2010, Plaintiff filed a first amended complaint ("FAC").

**DISCUSSION**

A.   <u>Screening Standard</u>

1

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.  Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Plaintiff's Allegations

In the FAC, Plaintiff contends that the "lender" prevented "borrower" from refinancing the loan (Loan Number 325186427). Plaintiff asserts that the "lender" is not willing to modify loan documents entered in "02/2006" and it is his understanding that the lender must give the borrower an opportunity to modify the loan documents or reduce the interest rate before foreclosing on the property. FAC, p.1.

Plaintiff also alleges that "defendant" failed to make certain disclosures in connection with a consumer credit transaction in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, its implementing regulations and the Home Ownership Protection Act ("HOEPA"), an amendment to TILA, 15 U.S.C. § 1639. He seeks damages, title to the property and litigation costs.

As an "ADDED COMPLAINT," Plaintiff alleges wrongful foreclosure, asserting that the "lender" has sent a letter of intent to foreclose. Plaintiff questions whether the lender possesses the original debt instrument. He requests that the court intervene and prevent foreclosure.

C.     Analysis

1.     Loan Modification

Plaintiff attempts to bring a cause of action based on the lender's refusal to modify loan documents. In relevant part, Plaintiff states:

> This is a ongoing process which started on or about January 2008 after lender prevented borrower from refinancing the loan.,
> Up to now lender is still not willing to cooperate in modifying the loan documents that were entered on 02/2006.
>
> It is my understanding that under California law the lender must give an opportunity to the borrower to modified the loan documents or at least should reduced the interest rate before they foreclose on the property.
> The Obama Administration Making Home Affordable Program includes opportunities to modify or refinance mortgages to make monthly payments more affordable I am only asking for the same opportunity given to the rest of lenders nation wide . . . .

FAC, p. 1.

      a.     "Making Home Affordable Program"

Plaintiff appears to assert that one or both defendants violated the Home Affordable Modification Program ("HAMP") by failing to offer a modification of the loan. Generally described, the HAMP program involves an agreement between a participating loan servicer and the U.S.Department of Treasury. See Marks v. Bank of America, N.A., 2010 WL 2572988, *3-5 (D. Ariz. June 22, 2010) (discussing HAMP program). HAMP provides financial incentives to participating mortgage servicers to modify the terms of eligible loans, but does not require loan modification. Id. at *3 and 5-6; see also Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618, *3 (S.D. Cal. 2009) (HAMP agreement does not require modification of eligible loans). Although it generally has a goal of assisting homeowners, a borrower does not have a right to enforce the HAMP contract between the government and the loan servicer. Benito v. Indymac Mortgage Serv., 2010 WL 2130648, *7 (D. Nev. 2010); Wright v. Bank of America, N.A., 2010 WL 2889117, *5 (N.D. Cal. Jul. 22, 2010) (plaintiff could not assert a third-party beneficiary claim for breach of HAMP contract).cf. Reyes v. Saxon Mortgage Serv. 2009 WL 3738177 (S.D. Cal. 2009) (finding plaintiff had plead sufficient facts to support third-party beneficiary theory under HAMP by identifying the contract and attaching a copy to his complaint). Indeed, HAMP does not grant a plaintiff the right of enforcement. Marks, 2010 WL 2572988 at *6; see also Inman v. Suntrust Mortgage, Inc., 2010 WL 3516309, *2 (E.D. Cal. Sept. 3, 2010) ("no private right of action provided under HAMP").

Here, it is unclear how defendants owe any duties under HAMP when Plaintiff has not alleged that either defendant is a participating servicer. Furthermore, there is no private right of action available to Plaintiff under HAMP. Thus, the Court recommends that Plaintiff's claims under HAMP be dismissed without leave to amend.

      b.    State Law

Plaintiff appears to assert that defendants failed to modify his loan under state law. Plaintiff has not cited any authority, but the Court construes his claim as one for violation of Cal. Civ. Code § 2923.6. Section 2923.6 provides:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in

4

the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

However, section 2923.6 does not create a cause of action for Plaintiff. See Quinteros v. Aurora Loan Services, --- F.Supp.2d.---, 2010 WL 3817541, *9 (E.D. Cal. Sept. 30, 2010) ("[T]here is no private cause of action under Section 2923.6."); Nool v. Homeq Servicing, 653 F.Supp.2d 1047, 1052 and n.2 (E.D. Cal. 2009) (finding language of section 2923.6(b) belies the imposition of any duty to engage in loan modification discussions; noting absence of authority supporting a private right of action under the statute); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1187-88 (N.D. Cal. 2009) (section 2923.6 does not create a cause of action for borrower); Farner v. Countrywide Home Loans, 2009 WL 189025, *2 (S.D. Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action borrowers."). Accordingly, the Court recommends that the California Civil Code § 2923.6 claim be dismissed without leave to amend.

2.  TILA

The FAC's next apparent claim refers to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, its implementing Regulation Z, 12 C.F.R. § 226, et seq., and the Home Ownership Protection Act ("HOEPA"), an amendment to TILA, 15 U.S.C. § 1639.

As with Plaintiff's original complaint, the FAC is devoid of facts demonstrating that he has standing to bring a TILA claim as a borrower under any loan. TILA confers a statutory "right of action only on a borrower in a suit against the borrower's creditor." Talley v. Deutsche Bank Trust Co., 2008 WL 4606302, *2 (D.N.J. Oct.15, 2008). Although Plaintiff cites a loan number and a property description in the caption, his complaint does not provide any factual information regarding the loan transaction. For example, Plaintiff does not identify whether he is the

borrower on the loan, whether there is more than one borrower, the type of loan at issue, which defendant is the "lender" or any other factual information. Indeed, Plaintiff refers generally to "defendant" throughout the complaint, but appears to have named two separate defendants in the caption.

The Court previously identified these deficiencies and instructed Plaintiff to provide sufficient factual information in his amended complaint. Plaintiff has failed to do so. Notwithstanding this failure, the Court presumes that Plaintiff is the borrower and therefore reviews Plaintiff's additional TILA allegations to determine if he states a claim.

In the FAC, Plaintiff alleges that Defendants failed to make certain disclosures to him in violation of TILA, Regulation Z, and HOEPA. However, Plaintiff's allegations are not sufficiently precise to put Defendants on notice as to which of them was responsible for the alleged violations.

Moreover, Plaintiff's claims appear to be time-barred.[1] There are two types of remedies available under TILA, Regulation Z and HOEPA: statutory damages and rescission. 15 U.S.C. §§ 1635(f), 1640(a). The statute of limitations for bringing a claim for statutory damages is one year from the date of the occurrence of the violation. § 1640(e). When the alleged violations are based on a failure to disclose information during the loan origination, the limitations period begins running the date the loan issues. See 15 U.S.C. § 1640(e).

Here, Plaintiff reportedly entered into the challenged loan transaction in February 2006. Plaintiff provides no other dates on which any alleged violations occurred. Therefore, the statute of limitations for any statutory damages claim expired in February 2007. Plaintiff did not file this lawsuit until August 17, 2010, more than three years later.[2] Further, there is no apparent

---

[1] Claims brought under Regulation Z and HOEPA are subject to TILA's statute of limitations. See, e.g., Diessner v. Mortgage Elec. Registration Sys., 618 F.Supp.2d 1184, 1190-91 (D. Ariz. 2009); Kanady v. GMAC Mortg., LLC, 2010 WL 4010289, *9 (E.D. Cal. Oct. 13, 2010) (finding that HOEPA is an amendment of TILA and is governed by the same remedial scheme and statutes of limitations as TILA); Tanuvasa v. F.D.I.C., 2009 WL 3108568, *3 (C.D. Cal. Sept. 29, 2009) ("[T]he Court notes that HOEPA is simply a component of TILA, and thus, it is governed by the same statute of limitations") (citing In re Cmty. Bank of N. Va., 418 F.3d 277, 304-05 (3d Cir. 2005)).

[2] Plaintiff filed his original lawsuit (1:10-cv-00528 OWW DLB) on March 25, 2010, which also is beyond the statutory limitations period.

equitable tolling of the TILA damages claim. The FAC is vague and Plaintiff has provided no facts to establish that equitable tolling is warranted despite being given multiple opportunities to amend his complaint. Thus, any damages claims under TILA are barred.

In addition to damages, rescission is available under TILA in some circumstances. 15 U.S.C. § 1635; 12 C.F.R. § 226.23. The consumer's right to rescission is absolute for a period of three days after the loan is consummated, 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). However, if the lender fails to provide "material disclosures" at the closing, then the period is extended to three years, 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).

Here, Plaintiff did not initiate this lawsuit within the three year time period. Any rescission claims under TILA are barred.

Accordingly, the Court recommends that Plaintiff's TILA claims, including those originating from Regulation Z and HOEPA, be dismissed without leave to amend.

### 3. Original Note Possession

As in his original complaint, Plaintiff again challenges a proposed home foreclosure based on the premise that the home owner is "unsure as to whether the lender still posses [sic] the original debt instrument" and he wants proof of such authority. FAC, p. 3. In the written narrative of his complaint, Plaintiff has not identified the home owner, the lender or any other relevant factual allegations.[3] As with his TILA claim, Plaintiff was given an opportunity to provide facts in compliance with Rule 8, but failed to do so in his amended complaint.

Regardless, Plaintiff's assertions concerning the original debt instrument are unavailing. "It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note." Clark. v. Countrywide Home Loans, Inc., --- F.Supp.2d ---, 2010 WL 3154119, * 2 (E.D. Cal. Aug. 9, 2010) (plaintiff's assertion that defendants did not possess the note was not grounds for a wrongful foreclosure claim); Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1053 (E.D. Cal.2009); Putkkuri v. Recontrust Co., 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to

---

[3] The Court acknowledge that there is a property description in the caption, but Plaintiff provides no facts or information regarding the subject property in his FAC.

proceed with a non-judicial foreclosure."); Candelo v. NDex West, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."). Therefore, Plaintiff's allegations that defendant lender must produce the original debt instrument is not grounds for a wrongful foreclosure claim. The Court recommends that any wrongful foreclosure claim be dismissed without leave to amend.

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, Plaintiff cannot prevail on his claims against the Defendants in this action. Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts alleged and that an opportunity to amend would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). As noted throughout, Plaintiff has been notified of deficiencies in his complaint and has been given multiple opportunities to provide facts to support his claims.[4] He has not done so. The Court concludes that further opportunities to amend would be futile.

Therefore, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections

---

[4] In Hernandez v. HomEq Servicing, 1:10-cv-00528 OWW DLB, Plaintiff attempted to pursue identical claims against these same defendants. There, the Court twice dismissed Plaintiff's complaint with leave to amend to comply with Rule 8. When the Court dismissed his complaint for the second time with leave to amend, Plaintiff failed to file a timely amended complaint and the action was dismissed on August 4, 2010. Subsequently, Plaintiff filed the instant action with nearly identical allegations. The Court again dismissed his claims with leave to amend to comply with Rule 8 and to state a claim. Thereafter, Plaintiff filed the operative complaint.

1   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
2   and Recommendations."  Plaintiff is advised that failure to file objections within the specified
3   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
4   (9th Cir. 1991).

6       IT IS SO ORDERED.
7       Dated:   **December 3, 2010**                    **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE